UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GREGORY SRPINGER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-108 |
| | § | |
| FNU RODRIGUEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Exclude Expert Testimony of Stephen Hays and Brian D. Yarges. (Dkt. No. 48). Defendant has responded. (Dkt. No. 53). For the reasons set forth below, Plaintiff's Motion is hereby **DENIED**.

### I. Background

Plaintiff claims that his constitutional rights were violated in the course of a traffic stop on October 2, 2013.[1] Plaintiff alleges that he was stopped by United States Border Patrol ("USBP") agents while travelling southbound on U.S. Interstate 35. Plaintiff exited the vehicle and was encountered by Agent Rodriguez, who had his TASER drawn. (Dkt. No. 1 at ¶34; Dkt. No. 49 at 6). This immediate incident deescalated, and other USBP agents arrived at scene of the stop. (Dkt. No. 1 at ¶35; Dkt. No. 49 at 6). Plaintiff attempted to contact USBP agents and management with whom he was acquainted. (Dkt. No. 1 at ¶36; Dkt. No. 49 at 6-7). Failing to reach his contacts, Plaintiff and the agents waited at the scene of the stop for a supervising agent to arrive. (Dkt. No. 1 at ¶35; Dkt. No. 49 at 8). While waiting, Agent Gregory noticed that Plaintiff had his hand in his pocket. (Dkt. No. 1 at ¶38; Dkt. No. 49 at 8). Plaintiff was told to

---

[1] All factual allegations derive from Plaintiff's May 21, 2015 Complaint (Dkt. No. 1) and the Individual Defendant's Motion for Summary Judgment (Dkt. No. 49).

remove his hand.  Upon removing his hand, Plaintiff alleges he was wrestled to the ground by USBP agents and shot with a TASER.  (Dkt. No. 1 at ¶39; Dkt. No. 49 at 8).  Plaintiff was arrested and moved to CBP facility in Laredo, Texas.  (Dkt. No. 1 at ¶45; Dkt. No. 49 at 12).  No charges were brought, and Plaintiff was released later that day.  (Dkt. No. 1 at ¶47; Dkt. No. 49 at 13).

On May 21, 2015 Plaintiff brought this action against Defendants FNU Rodriguez, John Gregory, DOES 1-20 and the United States of America, alleging causes of action pursuant to, *inter alia*, *Bivens* and the Federal Torts Claims Act.  On October 28, 2016, pursuant to Federal Rule of Civil Procedure 26, Defendants identified two expert witnesses: Agent Stephen Hays, a "Supervisory Border Patrol Agent" assigned to the Use of Force Center of Excellence in Harpers Ferry, West Virginia, identified as an expert on "Border Patrol training and standards of conduct" who might "provide testimony on the use of force" during the traffic stop at issue; and Supervisor Brian Yarges, a "Training Operations Supervisor" assigned to the U.S. Border Patrol Academy in Artesia, New Mexico, identified as an expert on "Border Patrol training and policies regarding the stopping, search, and seizure of vehicles" and "arrest and detention of individuals" who might "provide opinions" related to the stop of Plaintiff's vehicle and subsequent arrest and detention.  (Dkt. No. 48 at 2).  Defendants, however, claimed that neither witness was a "retained witness" for the purposes of Rule 26 because they are employees of the Government who were not being paid for their testimony.  Because the witnesses were designated as "non-retained," no expert reports accompanied the expert designations.  (Dkt. No. 43 at 6).

On November 2, 2017, Plaintiff moved to exclude the expert testimony of Stephen Hays and Brian Yarges, arguing that because they have no personal knowledge of the facts of this case, they are "specially employed" under the meaning of Rule 26, and therefore expert reports

2

were required. (Dkt. No. 48 at 3). Plaintiff argues that the appropriate remedy is for the Court to exclude the testimony of both witnesses. (*Id.* at 8). On December 1, 2017, Defendant responded to Plaintiff's motion. (Dkt. No. 53). Defendant does not dispute that expert reports should have been disclosed in this case; however, Defendant argues that exclusion is inappropriate in this case, and that the Court can instead fashion a remedy to cure any prejudice to the Plaintiff caused by Defendants' deficient expert disclosures. (*Id.* at 6).

## II. Discussion

### A. Specially Employed

Federal Rule of Civil Procedure 26(a)(2)(B) requires that all witnesses who are "retained or specially employed to provide" expert testimony in a case must prepare a written report that accompanies their disclosure as an expert witness. Even if a witness is not compensated for their opinions, they are "specially employed," and therefore must prepare a written report, if they have no personal involvement in or knowledge of the facts in the case. *See*, *e.g.*, *Tolan v. Cotton*, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015); *Diamond Consortium, Inc. v. Manookian*, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017).

Defendants concede that the expert witnesses Agent Hays and Agent Yarges were "specially employed" to provide testimony in this case, and that therefore the disclosure of these witnesses should have been accompanied by written reports. (Dkt. No. 53 at 6). Indeed, because the witnesses were not involved in the events at issue, but rather are being proffered only to provide their expert opinion, they have been "specially employed to provide expert testimony" within the meaning of Rule 26(a)(2)(B). Accordingly, Defendants' designations of these witnesses were required to be accompanied by expert reports. Because no reports were filed, Defendants have failed to fulfill their disclosure obligations under Rule 26(a).

### B. Whether the Expert Witnesses Should be Excluded

The Parties differ on the appropriate remedy for Defendants' failure to file expert reports. Plaintiff has asked the Court to exclude the testimony of Agent Hays and Agent Yarges entirely. (Dkt. 48 at 8). By contrast, Defendants ask that the Court provide "an opportunity to cure any deficiencies in the designation of" Agent Hays and Agent Yarges. (Dkt. No. 53 at 8).

When a party fails satisfactorily to disclose its expert witnesses, the Court must exclude the testimony of that witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The decision to exclude expert testimony on the basis of a deficient disclosure is within the trial courts discretion. *See Bradley v. United States*, 866 F.2d 120, 124-25 (5th Cir. 1989). In determining whether to exclude the expert testimony, the Court must consider the following factors: (1) Defendants' explanation for the failure to properly designate their expert witnesses; (2) the importance of the expert testimony to the case at hand; (3) the prejudice to the opposing party of allowing the witnesses to testify; and (4) the possibility of curing such prejudice by granting a continuance. *See id*. at 125. The Court will consider each factor in turn.

#### 1. *Defendants' Explanation for its Deficient Disclosure*

Defendants' explanation for their failure to make a proper expert disclosure is not satisfactory. Defendants' only explanation is that the witnesses were designated as "non-retained" because they are not compensated. At best, Defendants are conceding an erroneous interpretation of the rules. This is not an acceptable reason for failing to fulfill their obligations. Though the Court does not doubt that Defendants are correct that there was no "bad faith" in their deficient designations, (Dkt. No. 53 at 8), this factor nevertheless must weigh in favor of excluding the testimony. *See Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007)

(finding that "exclusion of expert witnesses 'is particularly appropriate' where the party has 'failed to provide an adequate explanation for their failure to identify their expert within the designated timetable'").

### 2. *The Importance of the Witness's Testimony*

Where the expert testimony to be excluded is essential to the proponent's case, the Court is less likely to exclude it. However, "the importance of such proposed testimony cannot *singularly* override the enforcement of" the rules. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (quoting *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996)).

Defendants argue that Agent Hays and Agent Yarges' "testimony goes towards critical issues in this case, and is therefore of high importance." (Dkt. No. 53 at 7). Specifically, Defendant argues that this case turns on the appropriate use of force and actions by CBP in detaining Plaintiff, and that the testimony of Agent Hays and Agent Yarges is essential to rebut Plaintiff's own expert testimony on these issues.

The Court finds that this testimony is important to Defendants' case. Plaintiff is likely to present expert testimony that the use of force and subsequent detention of Plaintiff by Defendants was unjustified and unreasonable. Agents Hays and Yarges are essential for Defendants' ability to rebut this testimony. Accordingly, this factor weighs against excluding the testimony of Agent Hays and Agent Yarges.

### 3. *The Prejudice to the Plaintiff*

If inclusion of the expert testimony will prejudice the opposing party, this factor will weigh in favor of exclusion. Plaintiff has not argued what, if any, prejudice has accrued from the deficient disclosure. Defendants have argued that there is minimal prejudice because their

disclosure, though deficient, provided Plaintiff with "fair notice of the content of [the] expert[s'] testimony." (Dkt. No. 53 at 7). Defendants argue that Plaintiff had the opportunity to depose the designated experts on the subjects identified in the deficient disclosure, but that he chose not to do so.

Defendants understate the prejudice in this case. Though Plaintiff did have a broad understanding of the subjects of the expert testimony, he was entitled to substantial written reports covering the witnesses' opinions, credentials, supporting exhibits, previous testimony, and compensation. *See* Fed. R. Civ. P. 26(a)(2)(B). The requirement to produce this written report, including these specific pieces of information, exists for a reason. Plaintiff is entitled to this information in order to allow him to properly interrogate and rebut the expert witnesses' qualifications and findings. Denying Plaintiff this opportunity betrays the purpose of the rule, regardless of whether Plaintiff had the opportunity to take a deposition of the witnesses without the benefit of a written report. Accordingly, this factor weighs in favor of excluding the evidence.

### 4. *Potential to Cure Prejudice*

A continuance is the preferred method for remedying a prejudicial failure to disclose a witness. *See Bradley v. United States*, 866 F.2d 120, 127 n. 11 (5th Cir. 1989). Defendants argue that any prejudice in this case can be cured by granting a continuance that allows for a supplemental designation, including the required expert reports, and an opportunity for Plaintiff to depose the expert witnesses. (Dkt. No. 53 at 8).

The Court finds that an extension can cure the prejudice in this case. The prejudice to Plaintiff arises from the failure to produce written reports and the inability for Plaintiff to question the witnesses about their reports at deposition. A continuance will allow Defendants to

cure their deficient disclosures by issuing the reports, and allow Plaintiff to seek to take the witnesses' depositions.

Moreover, given the procedural posture of the case, the delay caused by such a continuance will cause only minor additional prejudice to the Plaintiff. There is currently no trial date set. The Court is considering Defendants' motion for summary judgment before the case moves forward.[2] In the interim, Defendants can work expeditiously to cure their deficient production, and Plaintiff may have an opportunity to take the expert depositions well before trial. Accordingly, this factor weighs against excluding the expert testimony.

After weighing all of the factors, the Court finds that, given the importance of the expert testimony and the nature of the prejudice to Plaintiff, the appropriate remedy is a continuance allowing Defendants to cure the deficient production and allowing Plaintiff to take out of time depositions of Defendants' expert witnesses.

### III. Conclusion

For the foregoing reasons, the Court finds that Defendants have failed to disclose written expert reports as required by Rule 26(a)(2)(B). However, the Court finds that lesser remedies than exclusion of the testimony are available. Accordingly, Defendants are **ORDERED** to supplement their designation of expert witnesses by no later than **June 5, 2018**. In order to cure any prejudice, Plaintiff shall have the opportunity to take the depositions of the expert witnesses and supplement their rebuttal expert reports as necessary not later than **August 5, 2018**. Plaintiff's Motion to Exclude Expert Testimony of Stephen Hays and Brian D. Yarges (Dkt. No.

---

[2] Defendants did not rely on the expert testimony of Agent Hays or Agent Yarges in their Motion for Summary Judgment, and therefore no prejudice arises from the deficient disclosure with respect to the Court's consideration of that motion. (*See* Dkt. No. 49).

48) is **DENIED**.[3]

    It is so ORDERED.

    SIGNED this 15th day of May, 2018.

                                                  _____
                                                DIANA SONG QUIROGA
                                                United States Magistrate Judge

---

[3] Although the Court denied Plaintiff's motion to exclude expert testimony, the Court has found that Defendants' expert disclosures were deficient.  Therefore, if Plaintiff believes he is entitled to expenses pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), he should file a motion no later than **May 29, 2018**.