IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GREGORY SPRINGER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 5:15-cv-00108 |
| FNU RODRIGUEZ, JOHN GREGORY, | § | |
| DOES 1-20, UNITED STATES of | § | |
| AMERICA, | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

TO THE HONORABLE COURT:

Plaintiff Gregory Springer ("**Springer**") files this Motion for Attorney's Fees, and would respectfully show the Court the following:

### I. INTRODUCTION

1. On November 2, 2017, Springer filed his Motion to Exclude Expert Testimony. (Dkt No. 48). In the Court's May 15, 2018 Order, the Court denied Springer's Motion to Exclude Expert Testimony, but also found that Defendants Ortelio Rodriguez, John Gregory, and United States of America's (collectively, "**Defendants**") expert disclosures were deficient. (ECF No. 61 at pp. 3, 6-7). The Court advised that, if Springer believes he is entitled to expenses pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), he should file a motion. (*Id.* at fn. 3).

2. Consistent with the Court's Order, and pursuant to Rule 37(c)(1)(A), Springer submits this Motion for Attorney's Fees, supported by the Declaration of Santos Vargas ("**Vargas Decl.**"), attached hereto as **Exhibit A**.

## II.   RELEVANT BACKGROUND

3.      Springer originally filed this action against the Defendants in connection with an unjustified vehicular stop that subsequently led to Springer's tasing, arrest, and detainment. Springer sues the individual Border Patrol agents pursuant to *Bivens*[1] and sues The United States Government according to the Federal Tort Claims Act.

4.      A central issue is whether the Border Patrol agents violated Springer's constitutional rights when he was stopped, assaulted, arrested, and detained at the Customs and Border Protection switchboard in Laredo, Texas.

5.      On October 28, 2016, Defendants filed their Designation of Expert Witnesses (Defendants' "**Designation**") (Dkt. No. 48, Ex. A-1).   In their Designation, Defendants represented that they "have not retained [any] experts for the purposes of providing testimony or for consultation in this case."   (*Id.*)   Defendants did, however, designate the following "non-retained experts" (the "**Experts**"):

| | |
|---|---|
| 1. | **Stephen Hays** |
| | **Supervisory Border Patrol Agent** |
| | **Use of Force Center of Excellence** |
| | **Harpers Ferry, WV** |
| | **Subject:   Stephen Hays is a Firearms Program Specialist at the Border Patrol Use of Force Center of Excellence.   Agent Hays has knowledge of Border Patrol training and standards of conduct regarding the use of force by agents.   Agent Hays may provide testimony on the use of force during the October 2, 2013 encounter between Border Patrol Agents and Plaintiff Gregory Springer, including opinions regarding the use of electronic control weapons (also known as electronic control devices), when such use is authorized and reasonable, and opinions related to the actions of Border Patrol agents during the encounter with Plaintiff Gregory Springer.** |

---

[1]      *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.    **Brian D. Yarges**
      **Training Operations Supervisor**
      **U.S. Border Patrol Academy**
      **Artesia, NM**
      **Subject:**        **Brian D. Yarges is a Training Operations Supervisor at the Border Patrol Academy.  Supervisor Yarges has knowledge of Border Patrol training and policies regarding the stopping, search, and seizure of vehicles by agents, as well as the arrest and detention of individuals by agents.  Supervisor Yarges may provide opinions related to the exercise of law enforcement authority by Border Patrol agents, including opinions related to vehicle stops, search and seizure, arrests, and detention by Border Patrol agents. Supervisor Yarges may also provide opinions regarding the evaluation of actions taken by Border Patrol agents during the October 2, 2013 encounter with Plaintiff Gregory Springer.**

(*Id.*).

6.      The Experts have no personal involvement in the facts of this case, as Defendants did not identify the Experts in their disclosure responses as persons with relevant knowledge pursuant to FED. R. CIV. P. 26(a)(1)(A)(i).  (*Id.* at Ex. A-2).  At the very least, the Experts were "specially employed" by Defendants to give expert testimony pursuant to FED. R. CIV. P. 26(a)(2)(B).

7.      Because the Experts have no personal involvement in the facts giving rise to this litigation, the Experts cannot be designated as "non-retained."  Defendants were thus required to provide an expert report and produce all materials discussed in FED. R. CIV. P. 26(a)(2)(B), which the Court found they did not do (Dkt. No. 61).  Accordingly, due to Defendants' failure to comply with Rule 26(a)(2)(B), Springer requests that the Court award his reasonable expenses, including attorney's fees, pursuant to Rule 37(c)(1)(A) that were incurred in compelling Defendants' compliance with the rules.

### III.    ARGUMENTS & AUTHORITIES

### A.  Fed. R. Civ. P. 37(c)(1)(A)

8.      Under Federal Rule of Civil Procedure 37(c)(1)(A), when a party fails to provide information or identify a witness as required by Rule 26(a), the Court may award the movant his reasonable expenses, including attorney's fees, caused by the failure. FED. R. CIV. P. 37(c)(1)(A).

9.      In its Order dated May 15, 2018, the Court found that "Defendants have failed to disclose written expert reports as required by Rule 26(a)(2)(B)", but that "lesser remedies than exclusion of the testimony are available." (Dkt. No. 61).  The Court further advised that if "Springer believes he is entitled to expenses pursuant to Federal Rule of Civil Procedure 37(c)(1)(A)", "he should file a motion no later than May 29, 2018." (*Id.* at fn. 3).

10.     Springer is entitled to his reasonable expenses under Rule 37(c)(1)(A) that were incurred by Springer due to Defendants' failure to comply with Rule 26(a)(2)(B).  Such reasonable expenses were incurred in drafting and filing Springer's Motion to Exclude Expert Testimony and Motion for Attorney's Fees, in addition to reviewing Defendants' Designation and disclosure responses and conferring with opposing counsel regarding Defendants' failure to comply with Rule 26(a)(2)(B).  Accordingly, Springer seeks his reasonable expenses incurred relating to his Motion to Exclude Expert Testimony and Motion for Attorney's Fees.

**B.  Springer's Reasonable Expenses**

A.  The lodestar is used to calculate the amount.

11.     The amount of reasonable fees is generally calculated using the "lodestar" method, without any adjustment or deviation to the calculated lodestar being required. *Tollett v. City of Kemah,* 285 F.3d 357, 367 (5th Cir. 2002).  The lodestar is "the product of the hours worked multiplied by the billing rate." *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

12.     The first step in calculating the lodestar is to determine the number of hours worked. *Mid-Continent Cas. Co.*, 205 F.3d at 232.  To assist the Court in this effort, Springer submits Exhibit A-1, a summary chart that shows the total number of hours worked by each attorney and paralegal relating to the drafting and filing of Springer's Motion to Exclude Expert Testimony and Motion for Attorney's Fees. *See* Vargas Decl., Ex. A-1.  The hours are broken down by the attorney or paralegal who performed the work.  As shown on Exhibit A-1, the total number of hours worked by Springer's attorneys and a paralegal in connection with the aforementioned motions is 20.2 hours. *See* Vargas Decl., ¶9, Ex. A-1.

13.     The second step in the lodestar is determining the billing rate.  "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rate that lions at the bar may command." *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotations and citation omitted).  However, "the attorneys' fees calculus is a fact-intensive one and its character varies from case to case." *Id.* at 281.

14.     Exhibit A-1 breaks down the hourly rate for each attorney and a paralegal, the activity performed, and the duration of the activity.  As Exhibit A-1 demonstrates, the rates charged by the firm for each of its attorneys and a paralegal are as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Jason Davis | .50 | $200.00 | $100.00 |
| Guillermo Benavides | 11.10 | $100.00 | $1,110.00 |
| Santos Vargas | 4.0 | $200.00 | $800.00 |
| Devin Gabriel | 3.8 | $100.00 | $380.00 |
| Kirsten Tyler | 0.80 | $65.00 | $52.00 |
| **TOTAL** | | | **$2,442.00** |

*See* Vargas Decl., Ex. A-1.

15.     These rates are more than reasonable in light of the circumstances for this case. *See* Vargas Decl. ¶¶7-11; *see also Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th

Cir. 1974); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). In fact, the rates charged by Springer's counsel represent a 50% discount from their standard rates given the important civil rights issues at stake in this lawsuit. The rates charged by counsel for Springer are plainly reasonable and comparable to rates charged by attorneys practicing in the Southern District of Texas for similar matters. *See* Vargas Decl. ¶¶7-11; *see also Soto v. LCS Corrections Servs., Inc.*, No. 2:12-130, 2013 WL 4012627, at *3 (S.D. Tex. Aug. 5, 2013) (finding $250 per hour to be a reasonable hourly rate); *Compass Bank v. Mario Garcia*, No. L-11-191, EFC No. 9 (S.D. Tex Sept. 24, 2012) (finding $250 per hour to be a reasonable hourly rate); *Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008) (upholding district court's determination of the hourly rate that was based "on the fees generally awarded in the Eastern District of Louisiana"), *rev'd on other grounds by Connick v. Thompson*, 131 S.Ct. 1350 (2011); *In re Estate of Vrana*, 335 S.W.3d 322, 329-30 (Tex. App.—San Antonio 2010, pet. denied) (upholding an award of attorney's fees from Jim Wells County Court in which the rates were set by the firm of Bracewell & Giuliani LLP, in Houston, even though the rates were "somewhat higher than the standard rate charged by attorneys working in the specific locality of Jim Wells County").

16.    In the final step of the lodestar calculation, the Court multiplies the reasonable hourly rate by the number of hours reasonably expended. *Mid-Continent Cas. Co.*, 205 F.3d at 232. Exhibit A-1 demonstrates the lodestar calculation is **$2,442.00**. *See* Vargas Decl., Ex. A-1.

B.    Conclusion.

17.    Thus, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), Springer seeks to recover from Defendants his reasonable attorney's fees and costs associated with filing his Motion to Exclude Expert Testimony and Motion for Attorney's Fees, in the total amount of **$2,442.00**.

## IV.   PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff Gregory Springer respectfully requests that the Court grant his Motion for Attorney's Fees against Defendants pursuant to Rule 37(C)(1)(A), and award Plaintiff his reasonable expenses as set forth herein.  Plaintiff further requests all other relief to which he may be justly entitled.

Dated: May 29, 2018.

Respectfully Submitted,

**DAVIS & SANTOS, P.C.**

By:   */s/ Santos Vargas*
Mr. Jason M. Davis
***Attorney in Charge***
State Bar No. 00793592
Southern District ID No. 20114
*jdavis@dslawpc.com*
Mr. Santos Vargas
State Bar No. 24047026
Southern District ID No. 638446
*svargas@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Plaintiff***
***Gregory Springer***

## CERTIFICATE OF SERVICE

      I hereby certify that on May 29, 2018 a true and correct copy of this document was sent to the following counsel of record identified below:

| | | |
|---|---|---|
| Mr. Hector C. Ramirez | _____ | Overnight Mail |
| Assistant U.S. Attorney | _____ | Certified Mail-RRR |
| 11204 McPherson Rd. Suite 100A | _____ | Facsimile |
| Laredo, Texas 78045-6576 | X | E-mail |
| Tel: (956) 723-6523 | X | CM/ECF Filing |
| Fax: (956) 726-2266 | | |

*/s/ Santos Vargas*
Santos Vargas