UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| GREGORY SPRINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-108 |
| | § | |
| ORTELIO RODRIGUEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, United States Border Patrol Agents Ortelio Rodriguez and John Gregory in their individual capacities ("the Individual Defendants"), and the United States of America ("United States"), Defendants, by and through the United States Attorney for the Southern District of Texas, and hereby respectfully present their Response to Plaintiff's Motion for Attorney's Fees.

**BACKGROUND**

Plaintiff Gregory Springer ("Springer") filed this suit against the Individual Defendants pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and against the United States pursuant to the Federal Tort Claims Act ("FTCA"), regarding an incident which occurred near Laredo, Texas on October 2, 2013, during which Springer alleges that he was illegally stopped, assaulted, tased, arrested, and detained by Border Patrol agents.

On November 2, 2017, Springer filed his Motion to Exclude Expert Testimony of Stephen Hays and Brian D. Yarges ("Motion to Exclude"). See Civil Docket for Case # 5:15-CV-00108

(SDTX), Docket # 48. In that motion, Springer contended that the testimony of the two experts designated by Defendants should be excluded because they had not complied with the expert disclosure requirements of the Federal Rules of Civil Procedure by producing expert reports. Id. On December 1, 2017, Defendants responded to the Motion to Exclude, acknowledging that their experts had not submitted reports, but contending that exclusion of their testimony would not be the appropriate remedy under the circumstances of this case. See Defendants' Response to Motion to Exclude Expert Testimony of Stephen Hays and Brian D. Yarges [Docket # 53]. Instead, the Defendants argued that an extension should be granted to allow for the production of their experts' reports and the deposition of their experts by Springer. Id.

On May 15, 2018, the Court issued its Memorandum and Order denying Springer's Motion to Exclude. See Memorandum and Order [Docket # 61]. In that Memorandum and Order, the Court set deadlines for Defendants to produce their expert reports, and for Springer to take the depositions of Defendant's experts. Id. Although Springer did not request such a remedy, in a footnote, the Court also set a deadline for Springer to file a motion for expenses pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), if he believed that he was entitled to such expenses. Id.

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

On May 29, 2018, Springer filed his Motion for Attorney's Fees [Docket # 62]. In that motion, Springer contends that he is entitled to his reasonable expenses incurred due to the Defendants' initial failure to produce expert reports. [1] See Motion for Attorney's Fees at page 4, paragraph 10. He claims that such reasonable expenses were incurred in drafting and filing Springer's Motion to Exclude and Motion for Attorney's Fees, as well as reviewing Defendants'

[1] The expert reports of Stephen Hays and Brian D. Yarges were produced by Defendants on June 5, 2018, as ordered by the Court in its Memorandum and Order.

expert designation and disclosure responses and conferring with opposing counsel. Id. Springer then applies the lodestar method, the product of the hours worked multiplied by the billing rate, in order to calculate attorney's fees, concludes that his reasonable attorney's fees and costs in this matter were $2,442.00, and requests that he be awarded that amount. Id at pages 4 – 6.

## APPLICABLE LEGAL PROVISIONS

### I. Rule 37 Fed. R. Civ. P.:

Rule 37(c)(1), Federal Rules of Civil Procedure provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. The rule further provides that instead of exclusion, the court on motion and after giving an opportunity to be heard, may order payment of reasonable expenses, including attorney's fees, caused by the failure. See Rule 37(c)(1)(A), Federal Rules of Civil Procedure.

### II. Calculation of Attorney's Fees:

Texas courts use the lodestar method for calculating attorney's fees. See Tollett v. City of Kemah, 285 F.3d 357,367 (5th Cir. 2002). The first step in computing the lodestar is determining a reasonable hourly rate. Amlin Corporate Member, Ltd. v. Logistics Group International, Inc., 2011 WL 3271335 at *4 (S.D. Tex. July 28, 2011). The prevailing market rate for similar services by lawyers with similar training and experience in the relevant legal community is the established basis for determining a reasonable hourly rate. Id. citing Tollett, 285 F.3d at 368. The party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of

the proposed rate. Id. citing Riley v. City of Jackson, Miss., 99 F.3d 757,760 (5th Cir. 1996).

The second step in the lodestar calculation is determining the number of hours reasonably expended. Amlin at *5. A court must have sufficient information to determine whether particular hours claimed were reasonably expended on the litigation. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319,325 (5th Cir. 1995). The documentation must be sufficient for the court to verify that the applicant has met his burden. Id. at 324. A court has discretion to reduce the number of hours credited if documentation is vague, lacking, or incomplete. Id. at 327, Pelt v. U.S. Bank Trust Nat'l Ass'n, 259 F.Supp2d 541,543 (N.D. Tex. 2003). [2]

**RESPONSE OF DEFENDANTS**

**I. Springer failed to comply with the Local Rules:**

LR 7.1D, Local Rules of the United States District Court for the Southern District of Texas (2000) ("Local Rules"), provides that "[e]xcept for motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, [opposed motions shall] contain an averment that (1) [t]he movant has conferred with the respondent and (2) [c]ounsel cannot agree about the disposition of the motion". Springer's Motion for Attorney's Fees was brought under Rule 37(c)(1)(A), Federal Rules of Civil Procedure, and not under Rules 12(b), (c), (e), or (f), nor under Rule 56. See Motion for Attorney's Fees [Docket # 62] at page 1, paragraph 2.

Moreover, Springer's Motion for Attorney's Fees lacks the required averment regarding conferring with opposing counsel and being unable to agree about the disposition of the motion.

---

[2] Once the lodestar has been determined, courts usually undertake additional analysis to determine whether to increase or decrease the lodestar based on the twelve factors set out in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974). See Amlin at *4. However, for attorney's fees calculations pursuant to Rule 37, no adjustment to the lodestar amount is in order. See Tollett, 285 F.3d at 367.

See Id. at page 8. And while the Court's Memorandum and Order provided a deadline for Springer to file a motion for expenses, it did not authorize him to dispense with the requirements of the Local Rules. See Memorandum & Order [Docket # 61] at page 8, footnote 3. Consequently, Springer's Motion for Attorney's Fees should be stricken for failure to comport with the Local Rules.

## II. Springer fails to establish a reasonable market rate:

Springer's Motion for Attorney's Fees is supported by the affidavit of Santos Vargas, an attorney for Springer ("Vargas Affidavit"). See Exhibit A appended to Motion for Attorney's Fees [Docket 62-1]. In the Vargas Affidavit, Mr. Vargas sets out his background and experience, as well as the fact that he is a shareholder in the firm representing Springer. See Vargas Affidavit at page 1, paragraphs 2 & 3. He then avers that an associate at the firm, Guillermo Benavides, assisted in the filing of the Motion to Exclude, and that another associate at the firm, Devin Gabrial as well as a paralegal, Kristen Tyler, assisted in filing the Motion for Attorney's Fees. Id. at page 2, paragraph 5. However, the Vargas Affidavit is completely devoid of any information regarding the background and experience of Mr. Benavides, Mr. Gabriel, Ms. Tyler, or Mr. Jason Davis, whose time is also being billed by Springer.

Attatched as an exhibit to the Vargas Affidavit is a chart which indicates that Mr. Davis's and Mr. Vargas's time was charged at $200.00 per hour, Mr. Benavides's and Mr. Gabriel's time was charged at $100 per hour, and Ms. Tyler's time was charged at $65.00 per hour. See Exhibit A-1 to Vargas Affidavit [Docket 62-2] at page 2. In his affidavit, Mr. Vargas then avers, in a conclusory fashion, that the rates charged are reasonable and necessary, and that they are reasonable and comparable to rates charged by attorneys practicing in the Laredo Division of the United States Court for the Southern District of Texas. See Vargas Affidavit at page 3, paragraphs

10 & 11. Moreover, the Motion for Attorney's fees also contains conclusory allegations that the rates charged by Springer's counsel represent a 50% discount from their standard rates, and are plainly reasonable and comparable to rates charged by attorney's practicing in the Southern District of Texas for similar matters. See Motion for Attorney's fees at pages 5 – 6, paragraph 15.

As set out above, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of the proposed rate. See Riley, 99 F.3d at 760. To establish the reasonableness of the requested rate, counsel must produce satisfactory evidence – in addition to his own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Deltatech Construction, LLC v. Sherwin-Williams Co., 2005 WL 3542906 at * 3 (E.D. La. Nov. 3, 2005). See also Watkins v. Input/Output, Inc., 531 F.Supp.2d 777,784 (S.D. Tex 2007)(The evidence to support an hourly rate entails more than an affidavit of the attorney performing the work but must also address the rates actually billed and paid in similar lawsuits). [3] Aside from conclusory allegations and some detail about Mr. Vargas's background and experience, the Motion for Attorney's Fees is lacking in this regard, and should therefore be denied.

**III. Springer fails to establish reasonably expended hours:**

Through his affidavit, Mr. Vargas avers that Springer's counsel spent approximately 11.6

[3] The relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits. See Tollett, 285 F.3d at 368 citing Scham v. District Courts Trying Criminal Cases, 148 F.3d 554,558 (5th Cir. 1998). Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there. Tollett, at 368 citing Watkins v. Fordice, 7 F.3d 453,458 (5th Cir. 1993).

hours in connection with filing the Motion to Exclude, and that Springer's counsel and a paralegal spent approximately 8.6 hours in connection with filing the Motion for Attorney's fees. See Vargas Affidavit at page 3, paragraph 9. He then avers, in a conclusory fashion, that "[a] reasonable number of hours were expended in connection with this activity", and "my firm properly staffed this matter and the time expended was reasonable". Id. at paragraph 11.

Exhibit A-1 appended to the Vargas Affidavit contains a chart with a breakdown of the time spent by each attorney/paralegal on the applicable motions. See Docket 62-2 at page 3. As to the Motion to Exclude, the chart contains ten entries, nine entries regarding Mr. Benavides, totaling to 11.1 hours, and one entry regarding Mr. Davis, totaling to .5 hours. Id. The entries correspond to dates in October of 2016, and June, October and November of 2017. Id. The description of work performed is basically researching, drafting, reviewing and revising the motion. Id. However, many of the entries are compound and appear duplicative. Id. In addition, there is an unexplained redaction regarding the entry corresponding to August 19, 2017. Id. Consequently, the fee request is not sufficiently precise to determine whether the hours claimed were reasonably expended on the Motion to Exclude.

As to the Motion for Attorney's Fees, the chart contains six entries, four entries totaling to 3.8 hours regarding Mr. Gabriel, one entry for 0.8 hours regarding Ms. Tyler, and one entry for four hours regarding Mr. Vargas. See Docket 62-2 at page 3. All of the entries correspond to dates in May of 2018. Id. The description of work performed is basically drafting and revising the Motion for Attorney's fees, as well as preparing the attached affidavit and exhibits. Id. Again, the entries appear duplicative. Id. Specifically, it does not appear reasonable that Mr. Gabriel and Ms. Tyler spent a total of 4.6 hours to draft the motion and prepare the affidavit and exhibits, and then it took another four hours for Mr. Vargas to revise the motion and supporting

affidavit. Id.

As set out above, it is the applicant's burden to provide the court with sufficient information to determine whether particular hours claimed were reasonably expended on the litigation. See Kellstrom, 50 F.3d at 325. Moreover, a court should not take the applicant's assertion of hours expended in his affidavit at face value, rather, the evidence produced must be sufficient to determine reasonable hours. Id. If the fee request is not sufficiently precise to determine whether the hours claimed were reasonably expended, the Court should reduce the number of hours credited. See Pelt v. U.S. Bank Trust Nat'l Ass'n, 259 F.Supp2d 541,543 (N.D. Tex. 2003).

**CONCLUSION**

Because Springer has failed to comply with the Local Rules, and because he has failed to establish a reasonable market rate and reasonably expended hours regarding his requested attorney's fees, Springer's Motion for Attorney's Fees should be stricken and/or denied.

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney

"S/" Hector C. Ramirez
HECTOR C. RAMIREZ
Assistant United States Attorney
State Bar I.D. # 16501850
Fed. Adm. # 18155
P.O. Box 1179
Laredo, Texas 78040
Tel.: (956)-723-6523
Email: hector.ramirez@usdoj.gov
ATTORNEY IN CHARGE
FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** in the case of GREGORY SPRINGER v. ORTELIO RODRIGUEZ, ET AL., Civil Action Number 5:15-CV-108, was sent by electronic mail through the District Clerk's electronic filing system to Jason M. Davis and Santos Vargas, Davis & Santos, 719 S. Flores Street, San Antonio, Texas 78204 on this the 19th day of June, 2018.

"S/" Hector C. Ramirez
HECTOR C. RAMIREZ
Assistant United States Attorney