United States District Court
Southern District of Texas
**ENTERED**
February 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GREGORY SPRINGER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. 5:15-cv-108 |
| | § | |
| **ORTELIO RODRIGUEZ,** *et al.***,** | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER SETTING MEDIATION

The Court held a status conference in this case on February 5, 2019, during which the parties jointly proposed the rescheduling of the mediation date, and the parties have subsequently confirmed availability on a date provided by the Court for a full-day mediation.

Accordingly, the Court **SETS** a full-day mediation for **March 25, 2019, beginning at 9:00 a.m. in courtroom 2C**.

The parties, their counsel, and any settlement representatives such as insurance company representatives shall appear in-person for the mediation. Each party must have persons present with adequate settlement authority and discretion proportionate to a reasonable evaluation of the settlement value of this matter.

Additionally, the parties should submit[1] (not file) to the Magistrate Judge a confidential settlement statement the following information by **March 18, 2019**:

(1) Name, title, address and telephone number of settlement representative(s), party representatives, and counsel who will attend the mediation;

(2) Any travel or scheduling considerations of the attendees which will affect the length of the mediation.

---

[1] The parties may contact the Court's case manager to arrange delivery of the confidential settlement statement, either by email or by other means.

(3) Status of discovery (complete; substantially complete; incomplete);

(4) Whether the parties have enough information to fully evaluate settlement value and make a settlement offer—if not, state what further information is needed;

(5) A statement of the settlement proposals exchanged, including the terms and conditions of Plaintiffs' last settlement demand and the terms and conditions of Defendant's last offer in settlement, including identifying any matters or issues which any party believes has been an obstacle to settlement;

(6) Issues affecting the settlement process or potential settlement agreement, such as existence of liens, joint or separate settlement offers to individual claimants, separate claims such as bodily injury vs. property damage, etc.;

(7) Concise statement of points (factual, legal, practical) which they believe are relevant to the settlement value of the case; and

(8) Selected evidence (i.e. documents, reports, deposition excerpts) which the parties believe would be helpful to the mediation process. However, this should be kept to the minimum number of pages. For example, it is not appropriate to submit an entire deposition transcript.

IT IS SO ORDERED.

SIGNED on February 7, 2019, at Laredo, Texas.

_____
John A. Kazen
United States Magistrate Judge