United States District Court
Southern District of Texas
**ENTERED**
August 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **GREGORY SPRINGER,** | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. 5:15-cv-108 |
| **ORTELIO RODRIGUEZ,** *et al.*, | | |
| Defendants. | | |

### REPORT & RECOMMENDATION

Before the Court is Plaintiff Gregory Springer's Opposed Motion for Advisory Jury. (Dkt. No. 76). On July 29, 2019, Plaintiff's motion was referred to the undersigned for findings of fact and recommendations of law. (Dkt. No. 87). Having considered Plaintiff's motion, Defendants' response (Dkt. No. 82), and the applicable law, the Court recommends that Plaintiff's Opposed Motion for Advisory Jury be **DENIED**.

### Factual and Procedural Background

This incident made the basis of this lawsuit began as a traffic stop of Plaintiff Gregory Springer by Defendant Border Patrol Agent Ortelio Rodriguez on October 2, 2013. (Dkt. No. 42 at 9). After the arrival of other Border Patrol Agents at the scene, the interaction between Springer and the agents culminated in Plaintiff being tased and arrested. (*Id.* at 9–15). The facts of the case are discussed in detail in the District Court's Memorandum & Order (Dkt. No. 66 at 2-4), in which the District Court granted in part and denied in part the motion for summary judgment of Defendants Ortelio Rodriguez and John H. Gregory, the individual Border Patrol Agents sued by Plaintiff.

Plaintiff asserted claims against the individual Defendants Rodriguez and Gregory under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 42 at 15–17). He also sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (FTCA). (Dkt. No. 42 at 17–22). As a result of the Court's ruling on the individual Defendants' motion for summary judgment (*See* Dkt. No. 66), the following are Plaintiff's remaining claims:

Against Defendant Ortelio Rodriguez

    Count One[1] - Illegal/unlawful stop claim in violation of the Fourth Amendment (*Bivens*)

Against Defendant the United States of America

    Count Four - False arrest and false imprisonment (FTCA)

    Count Five - Torture by taser in violation of the laws of nations (FTCA)

    Count Six - Assault and battery (TCA)

    Count Seven - Intentional infliction of emotional distress (FTCA)

    Count Eight - Negligence (FTCA)

Plaintiff has made a demand for, and is entitled to, a jury trial on the sole remaining *Bivens* claim against Defendant Rodriguez. *Carlson v. Green*, 446 U.S. 14, 22 (1980). Conversely, the FTCA claims are triable only to the Court. 28 U.S.C. § 2402.

Plaintiff moves to have the jury—which will be deciding Plaintiff's remaining *Bivens* claim against Defendant Rodriguez—also sit in an advisory capacity on the FTCA claims against the United States. He argues that the jurors will provide a valuable community opinion on the lawfulness of the agents' actions. (Dkt. No. 76 at 3). Defendants do not challenge the Court's authority to use an advisory jury to hear the FTCA claims, but instead argue that the *Bivens* and

---

[1] The referenced Counts are those listed in Plaintiff's First Amended Complaint. (Dkt. No. 42 at 14-21).

FTCA claims do not share common evidence and that trying the FTCA claims to the jury would needlessly inconvenience the jurors and the Court. (Dkt. No. 82 at 8–10).

## Legal Standard

"In an action not triable of right by a jury," the Court "may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). The case law "is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury," and the "exercise of this discretion is not reviewable." 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2335 (3d ed. 2019). The court "is not bound by [an advisory] jury's findings, and it is free to adopt them in whole or in part or totally disregard them." *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 (5th Cir. 1985). Even if an advisory jury is utilized, the Court "must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1).

## Analysis

District courts have referenced various factors in numerous opinions over the years in support of their decisions to either deny or grant a motion for advisory jury, *see* 8 James Wm. Moore et al., Moore's Federal Practice § 39.41 (3d ed. 2019) (listing factors), but this simply highlights the fact that the decision is ultimately within each trial court's complete discretion. It is this Court's determination that the use of an advisory jury will unnecessarily increase the complexity and length of a jury trial, resulting in additional burden to the District Court and the citizens who would serve as the advisory jury.

Even by simple math, it is apparent that the time investment and the inconvenience to the jurors would be significantly increased. The only claim to be decided by the jury is the *Bivens* claim for an unlawful stop by Defendant Rodriguez. The evidence going to the *Bivens* and the totality of the FTCA claims is not "intertwined." As the District Court noted in its Memorandum

& Order on the individual Defendants' motion for summary judgment, the factual analysis of the alleged Fourth Amendment violation under the *Bivens* claim focuses exclusively on what Agent Rodriguez knew prior to the stop. (*See* Dkt. 66 at 7–8). By contrast, the FTCA claims additionally challenge the lawfulness of the Plaintiff's tasing, arrest, and jailing, which occurred after Agent Rodriguez stopped Plaintiff's vehicle and which involve the testimony of multiple other eyewitnesses.[2] (Dkt. No. 66 at 3–4; Dkt. No. 42 at 10–22). The jury hearing the *Bivens* claim may hear little to no evidence relevant to the FTCA claims.

Furthermore, the five additional FTCA claims each add complexity to a potential jury trial and a jury charge in their own ways. Each FTCA claim is based on corresponding state law causes of action, each with their own elements, and each subject to various state law defenses. Plaintiff's false arrest and false imprisonment claim (Count 4) and assault and battery claim (Count 6), for example, are subject to a state law qualified immunity defense.[3] Also applicable to Plaintiff's assault and battery claim is the state law "civil privilege defense" set forth in the Texas Penal Code. The statute provides, in pertinent part, that

> [a]peace officer ... is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest or search ... if: the actor reasonably believes the arrest or search is lawful ...; and before using force, the actor ... identifies himself as a peace officer.

---

[2] The only exception is Count 8, which alleges negligence from several acts, including Agent Rodriguez's "stopping" of the plaintiff. (Dkt. No. 42 at 21). The Court questions whether Plaintiff's negligence claim, based on the same facts that support the multiple intentional tort claims asserted under the FTCA, will proceed to trial. *See City of Waco v. Williams,* 209 S.W.3d 216, 221–25 (Tex. App.—Waco 2006, pet. denied); *Neal v. City of Hempstead,* No. 4:12-CV-1733, 2013 WL 12140282, at *5 (S.D. Tex. Dec. 5, 2013). This is an unresolved pretrial issue.

[3] "When determining whether the conduct of law enforcement officers constituted assault, false imprisonment, or false arrest under the FTCA, the United States may invoke any defenses available to individual law enforcement officers under Texas law. See 28 U.S.C. § 2674 (1994). Texas courts have proclaimed that a police officer is entitled to qualified immunity from intentional tort liability 'if he is acting in good faith within the course and scope of his authority, and performing discretionary functions.' In the few cases where Texas law enforcement officers have been sued for assault, false imprisonment, and false arrest, the officers have raised this affirmative defense of qualified immunity based on good faith." *McElroy v. United States*, 861 F. Supp. 585, 594–95 (W.D. Tex. 1994) (citations omitted); *see also Jones v. City of Grand Prairie*, No. CIV. 3:97-CV-1907-H, 1999 WL 21047, at *8 (N.D. Tex. Jan. 6, 1999), *aff'd in part sub nom. Jones v. City of Grand Prairie, Texas*, 209 F.3d 719 (5th Cir. 2000).

Tex. Penal Code Ann. § 9.51(a) (West 2005). Many of these issues will overlap with the District Court's previous analysis of the Plaintiff's *Bivens* claims for Fourth Amendment excessive force, false imprisonment, and false arrest. The District Court's familiarity with these facts and legal issues weighs against the use of an advisory jury to hear these claims. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, No. CV 11-1623 (RC), 2015 WL 13691542, at *4 (D.D.C. Feb. 3, 2015) (denying a motion for advisory jury based on, among other factors, the court's familiarity with the legal issues in the case). The FTCA claim for torture by taser purports to incorporate the relatively obscure Detainee Treatment Act of 2005 and the Military Commissions Act of 2006 and would involve the drafting of jury instructions for those statutes.

The investment of resources for drafting a jury charge on all of the FTCA issues referenced above for an advisory jury seems simply unnecessary. As one court articulated,

> Even assuming, arguendo, there is some evidentiary overlap, and that the evidence Defendant seeks to present is relevant and admissible, the Court has determined that the most reasonable and appropriate exercise of its discretion is not to burden the jury with an additional, unnecessary decision.

*Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, No. CV 15-819-LPS-CJB, 2018 WL 2186677, at *4 (D. Del. May 11, 2018). In the instant case, the obligation imposed on the jury to make "unnecessary decisions" would be multiplied many times over.

The presence of an advisory jury will likewise extend the length of the trial unnecessarily. *See Paleteria La Michoacana,* 2015 WL 13691542, at *4 (noting that a bench trial always moves more expeditiously than a jury trial). Trying the FTCA claims to the judge as opposed to a jury will always be less time consuming, and trying the FTCA claims to an advisory jury will result in an additional time commitment for the jurors. The District Courts of the Laredo Division have always made every effort to minimize the unnecessary utilization of a jury and to minimize the

inconvenience to jurors. *See Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, No. 4:08–3048, 2012 WL 175415, at *4 (S.D. Tex. Jan. 20, 2012) (denying a motion for advisory jury because it "would impose additional expense and delay on the trial, and would substantially increase the burdens on the parties and the court system.").

Finally, for many of the same reasons discussed above, the Court believes that a final determination on the motion for an advisory jury may be premature until after a final pretrial conference is held and any significant legal and evidentiary issues are resolved. For example, the Court is cognizant that it is Plaintiff's position that all the events referenced in Plaintiff's First Amended Complaint (Dkt. No. 42), including Plaintiff's arrest and detention, are relevant and admissible for Plaintiff's *Bivens* damages claim because all those subsequent events were proximately caused by Agent Rodriguez's initial stop of Plaintiff. This issue has not been briefed or argued by the parties; however, assuming *arguendo* that the Court were to agree with this argument, it would result in a significant, if not complete, overlap of the *Bivens* and FTCA claims and could therefore affect an analysis of the motion for advisory jury. The Court may revisit the use of an advisory jury *sua sponte* at any time prior to trial. Fed. R. Civ. P. 39(c).

## Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Gregory Springer's Opposed Motion for Advisory Jury (Dkt. No. 76) be **DENIED** at this time.

## Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept,

reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

IT IS SO ORDERED.

SIGNED on August 20, 2019.

_____
John A. Kazen
United States Magistrate Judge